OPINION
{¶ 1} Defendant-Appellant Robert Simmons appeals from a trial court decision denying his post-sentence motion to withdraw his guilty plea.
 {¶ 2} On February 22, 1999 Simmons was indicted on one count of possession of criminal tools and two counts of felonious assault, both with three- and five-year gun specifications. Three months later Simmons entered into a plea agreement whereby he pled guilty to the two felonious assault charges and the five-year gun specifications, and the remaining charge and specifications were dismissed. The following month, before sentencing, Simmons filed a motion to vacate his plea. After the State filed a response, the trial court held a hearing on the motion and overruled it on November 3, 1999. The court sentenced Simmons to concurrent sentences of four years for the felonious assaults. The court merged the gun specifications and ordered that the five-year sentence for the specifications be served consecutive to the four-year sentence for the felonious assaults. Simmons appealed the trial court's denial of his motion to withdraw his plea. This Court affirmed the trial court's decision. State v. Simmons (Sept. 1, 2000), Montgomery App. No. 18077.
 {¶ 3} Two years later Simmons learned that his trial counsel had been suspended from the practice of law, and he moved for leave to file a delayed motion for a new trial based upon newly discovered evidence. As the parties concede, however, the trial court properly considered the motion as a motion to withdraw his guilty plea. See, e.g., State v. Franklin, Greene App. No. 2002-CA-7, 2003-Ohio-3831, at § 10, citations omitted; State v.Vincent, Ross App. No. 02CA2654, 2003-Ohio-473, at § 20, citation omitted. The trial court overruled the motion on September 26, 2002. Simmons now appeals that decision.
 {¶ 4} Simmons' first assignment of error:
 {¶ 5} "The trial court abused its discretion when it overruled appellant's motion for a new trial."
 {¶ 6} Simmons' second assignment of error:
 {¶ 7} "In the alternative, if this court treats appellant's pre-sentence motion to withdraw a guilty plea as a post-sentence motion, appellant's motion should be granted thereby preventing manifest injustice."
 {¶ 8} Simmons first argues that the trial court should have treated his second motion to withdraw his guilty plea as a pre-sentence motion because it relied upon expanded arguments that he first presented in his pre-sentence motion two years earlier. However, the fact is that the second motion was filed long after sentencing. Accordingly, there was no reason for the trial court to treat the second motion as a pre-sentence motion.
 {¶ 9} Alternatively, Simmons insists that even if the motion was properly considered as a post-sentence motion, the trial court abused its discretion in overruling it. A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice. State v. Harris,
Montgomery App. No. 19013, 2002-Ohio-2278, at § 7, citing Statev. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. Consideration of "[t]he motion is `addressed to the sound discretion' of the trial court." Harris, at § 7, citing Smith, at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision under an abuse of discretion standard. Harris, at § 7, citing State v. Adams
(1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. An abuse of discretion means "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id.
 {¶ 10} As in his first motion to withdraw his plea, Simmons claimed in his second motion that his trial counsel, Joseph Fodal, failed to investigate; failed to contact witnesses; failed to file a motion to suppress physical evidence and statements; and that he pressured Simmons into entering a guilty plea. In his second motion Simmons also pointed out that after his plea was entered, Fodal was suspended from the practice of law. During the pendency of the case, Fodal was disbarred. The thrust of Simmons' argument is that the disciplinary action against Fodal renders counsel's testimony at the motion hearing less believable than Simmons' own testimony.
 {¶ 11} We agree that the disciplinary action against Fodal does reflect on his credibility. However, decisions regarding the credibility of witnesses are still a function of the trial court, who saw and heard the witnesses' testimony. State v. Brown
(June 6, 2003), Miami App. No. 2002-CA-23, citing State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 12} The trial court pointed out that Simmons never "presented any evidence to suggest that he has any defenses to the crimes he was charged with committing. The Defendant states that he is innocent. However, the police report the Defendant submitted with his Motion reveals that the Defendant admitted that he fired the assault rifle and conceded that a few rounds may have hit the victim's vehicle. Moreover, Simmons' co-defendant Michael Perry had entered a plea agreement which required Perry to testify against Simmons. A change of heart is not a sufficient or legitimate basis for withdrawing a guilty plea.
 {¶ 13} At the motion hearing Simmons admitted that he had met with Fodal several times in person and that they had spoken on the phone. Simmons also acknowledged that Fodal had advised him of what he learned from the co-defendant's attorney; and Fodal knew that the co-defendant had agreed to testify against Simmons. Moreover, Fodal accurately set forth Simmons' sentencing options, explaining the if he was convicted of all charges, he faced up to twenty-four years in prison.
 {¶ 14} More importantly, Simmons was afforded a full and proper Crim.R. 11 hearing at the time of his plea. At that time Simmons affirmatively stated that he had no mental handicaps or conditions. Furthermore, he understood the nature of the plea agreement and the potential sentence that he faced. Simmons affirmatively stated that he was satisfied with Fodal's representation and that he was not coerced or forced to enter the pleas. The trial court concluded that "either the Defendant was lying to the court when he entered his plea, or the Defendant [wa]s lying to the court" when seeking to withdraw his plea. The court concluded that even if Simmons' new evidence warranted a complete rejection of Fodal's testimony, the evidence did not change the court's belief that Simmons was not credible.
 {¶ 15} No matter how improperly Fodal acted in other cases, we will not simply assume that Fodal failed to zealously represent Simmons in this case. Simmons has failed to demonstrate a manifest injustice, and the trial court acted within its discretion in finding that Simmons' testimony was not credible. Accordingly, the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea.
 {¶ 16} Both of Simmons' assignments of error are without merit and are overruled. Having overruled both of Simmons' assignments of error, we affirm the judgment of the trial court.
Wolff, J., and Young, J., concur.